UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KAI HUNTE,

                                    Plaintiff,            **Caso No.**  1:25-cv-5757

        -against-

SANKOFA USA, LLC d/b/a CERES            **COMPLAINT AND DEMAND**
and HUNAN LLC,                              **FOR JURY TRIAL**

                                    Defendants
--------------------------------------------------------------x

Plaintiff Kai Hunte (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and

for the Complaint in this action against defendants Sankofa USA, LLC d/b/a Ceres and Hunan LLC

(together referred to as "defendants"), hereby alleges as follows:

**NATURE OF THE CLAIMS**

        1.      This case challenges defendants' ongoing failure to provide access to

individuals with disabilities, in direct violation of the Americans with Disabilities Act

("ADA"), New York State Executive Law, New York State Civil Rights Law, and the New

York City Administrative Code. Plaintiff seeks injunctive and declaratory relief, along with

compensatory damages and attorneys' fees, to remedy defendants' refusal to comply with the

law.

        2.      Defendants operate a business open to the public but have chosen not to

make that business accessible to customers with mobility impairments. Despite clear legal

obligations, defendants have failed to remove architectural barriers and have not implemented

basic accommodations. The law requires more than token gestures—it demands equal access.

And yet, defendants have offered none.

        3.      Rather than meet their obligations, defendants made a conscious business

1

decision to avoid the costs of accessibility. That choice marginalized disabled patrons like plaintiff, who was denied access not by accident but by design. This action seeks to put an end to that exclusion and compel full compliance so plaintiff can enjoy the same goods and services available to everyone else.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343, as the claims arise under federal law, specifically the Americans with Disabilities Act. The Court also has supplemental jurisdiction over the related state and city law claims under 28 U.S.C. § 1367(a), since those claims form part of the same case or controversy.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b), because the events giving rise to these claims occurred in this District and the subject premises are located here.

## PARTIES

6.      At all relevant times, plaintiff Kai Hunte has resided in Queens County, New York.

7.      Plaintiff sustained a traumatic spinal cord injury at the T4 level in a motorcycle accident in 2010. As a result, he has no motor function below the mid-back. He uses a manual wheelchair for mobility and experiences limited range of motion, which significantly impacts his ability to walk or stand.

8.      Defendants own, operate, lease, or control the property located at or around 164 Mott Street in Manhattan, New York (the "Premises"), which is open to the public.

9.      Each defendant is authorized to do business in New York and was doing so

during the time period relevant to this case.

10.     At all times relevant, defendants have operated a public accommodation at the Premises within the meaning of federal, state, and city civil rights laws.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.     The Defendants operate a public-facing business at the Premises that qualifies as a place of public accommodation under the ADA, the New York State Executive Law, and the New York City Administrative Code. As owners, lessees, lessors, or operators of that business, each defendant is responsible for ensuring compliance with accessibility laws.

12.     The Premises is a facility operated by a private entity, engaged in commerce, and therefore squarely falls within the statutory definition of a public accommodation.

13.     There are multiple architectural barriers at the Premises that limit or block access for individuals with disabilities, including the plaintiff.

14.     Upon information and belief, the Premises was either newly constructed or altered for first occupancy after January 26, 1993.

15.     At various points after January 1992, defendants made alterations to the Premises and adjoining areas, triggering obligations under the ADA and related laws to make the space accessible to people with disabilities.

16.     Plaintiff regularly travels throughout New York City and frequently visits the area where the Premises is located.

17.     Although plaintiff is paralyzed from the waist down, he is able to drive independently using hand controls. He routinely visits the area for meals, shopping, socializing, and recreation—just like any other New Yorker.

18.     On or around June 28, 2025, plaintiff attempted to visit the Premises after hearing that the pizza there had recently gone viral. He was specifically interested in trying the plain pie that had been widely shared online.

19.     That visit was cut short. Physical barriers at the entrance stopped plaintiff from accessing the Premises. The same barriers remain today.

20.     At the main entrance, plaintiff encountered stairs and found no accessible route or way to request assistance from inside. The lack of access left him feeling embarrassed and excluded.

21.     Despite that experience, plaintiff still wants to return—but only if the Premises is made accessible.

22.     The Premises is located less than an hour from plaintiff's home, making it a convenient destination.

23.     The interior and exterior features, amenities, and spaces of the Premises fail to comply with either the 1991 or 2010 ADA Standards for Accessible Design, and they do not meet the requirements set forth by the Department of Justice or the applicable state and city building codes.

24.     Due to these violations, plaintiff has been and continues to be denied safe, equal, and meaningful access to the goods and services offered at the Premises.

25.     The facility was not constructed or altered in compliance with federal accessibility standards, local building codes, or city construction regulations including the 2014 New York City Construction Code.

26.     Examples of the barriers at issue include but are not limited to:

27.     **Inaccessible Entrance.** There is no accessible path of travel to the business.

4

The entrance includes steps that block entry and there is no ramp or alternative means of egress. No call button or assistance device is available for patrons who cannot use the stairs.

28.    Relevant ADA standards require accessible routes from parking areas, sidewalks, and public transit stops. Entrances must meet specifications for doorways and route grades. Where there are level changes above half an inch, ramps must be installed in compliance with ADA specifications.

29.    **Inaccessible Interior Dining Tables.** Tables in the interior dining area fail to provide required knee and toe clearance. The minimum number of accessible seating options is not provided.

30.    Under ADA guidelines, at least five percent of dining surfaces must be accessible. That means allowing forward approach clearance and appropriate dimensions for knee and toe space to accommodate wheelchair users.

31.    These examples do not represent the full scope of violations. Upon information and belief, a full inspection of the Premises would reveal additional barriers that deter plaintiff from patronizing the business.

32.    To properly address defendants' violations and avoid piecemeal litigation, plaintiff intends to conduct an inspection and amend this complaint as necessary to include any further violations identified.

33.    By operating an inaccessible facility, defendants have denied plaintiff equal access to goods and services based on his disability.

34.    Defendants have not fulfilled their legal duty to implement policies, practices, or procedures that accommodate people with disabilities. Nor have they offered reasonable modifications or alternatives.

5

35.    The barriers at the Premises are ongoing and have caused and continue to cause plaintiff harm. They deter him from returning and present a real and credible threat of continued discrimination.

36.    Plaintiff frequents the area and would visit the Premises again multiple times if it were accessible. He looks forward to doing so once the barriers are removed.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

37.    Plaintiff restates and incorporates all prior allegations as if fully set forth here.

38.    Plaintiff lives with a mobility impairment that substantially limits major life activities, including walking and full range of body movement. As a result, he uses a wheelchair for mobility.

39.    The ADA imposes joint liability on both property owners and tenants operating public accommodations. Neither can avoid responsibility by contract. Both are equally accountable under 28 C.F.R. § 36.201(b).

40.    Defendants have denied plaintiff full and equal access to their business solely because of his disability. Their policies, design choices, and inaction have had a discriminatory impact on plaintiff and others with similar impairments.

41.    By refusing to follow the law, defendants have sent a clear message to disabled individuals: they are not welcome. That message is communicated through physical exclusion and the failure to provide any reasonable alternatives.

42.    Defendants designed, built, and/or altered their public accommodation without complying with applicable federal accessibility standards, including the 1991 and 2010 ADA Standards. See 28 C.F.R. § 36.401(a)(1); 42 U.S.C. § 12183(a)(1).

43.    The result is a facility that fails to offer equal and integrated access for

individuals with disabilities, violating 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

44.     In making alterations to the Premises, defendants also failed to make the modified areas accessible to the maximum extent feasible, as required under 28 C.F.R. §§ 36.402 and 36.406.

45.     Defendants further violated 28 C.F.R. § 36.403 by failing to provide accessible paths of travel to and within primary function areas.

46.     Section 36.406 requires all noncompliant facilities and elements to be brought into compliance with the 2010 Standards when altered.

47.     Defendants have also failed to implement changes that are readily achievable—simple modifications that would remove barriers without significant difficulty or expense. See 28 C.F.R. § 36.304.

48.     By refusing to make even these readily achievable changes, defendants have discriminated against plaintiff in violation of 42 U.S.C. § 12182 and its implementing regulations.

49.     Alternatively, defendants have not offered reasonable alternatives to physical barrier removal, as required under 28 C.F.R. § 36.305.

50.     Defendants' ongoing inaccessibility reflects a larger pattern of unlawful conduct that constitutes a practice of discrimination in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

51.     Defendants continue to operate a public accommodation that excludes people with disabilities in violation of federal law.

7

## SECOND CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

52.     Plaintiff repeats and incorporates all preceding allegations as though fully set forth here.

53.     Plaintiff has multiple medical conditions that, independently and collectively, interfere with normal bodily functions—specifically mobility and range of motion. He qualifies as a person with a disability under Executive Law § 296(21).

54.     Defendants have denied plaintiff the opportunity to access and use their business on equal terms due to his disability.

55.     By maintaining a facility that is not accessible to individuals with mobility impairments, defendants have violated Executive Law § 296(2). Each defendant has also aided or abetted in the continuation of that discriminatory environment.

56.     Defendants failed to implement modifications or remove barriers that would be readily achievable, in violation of Executive Law § 296(2)(c)(iii).

57.     In the alternative, they failed to offer reasonable accommodations or alternative means of access, as required by Executive Law § 296(2)(c)(iv).

58.     Making the Premises fully accessible would not impose an undue burden on defendants and could be accomplished without extraordinary difficulty or expense.

59.     As a direct result of this ongoing discrimination, plaintiff has experienced emotional harm, including humiliation, stress, and anxiety. These harms are continuing.

60.     Plaintiff has suffered damages and will continue to do so in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

61.     Plaintiff repeats and realleges all prior paragraphs as if fully restated here.

62.     Plaintiff's disability affects major life activities including walking and body mobility, bringing him within the protections of Administrative Code § 8-102(16).

63.     The Local Civil Rights Restoration Act of 2005—also known as Local Law 85—made clear that New York City's Human Rights Law must be interpreted independently and broadly, without deferring to narrower interpretations under federal or state law. See Admin. Code § 8-130.

64.     Defendants have subjected plaintiff to unequal treatment by refusing to provide him with the accommodations, advantages, and access offered to non-disabled customers. That conduct violates Admin. Code § 8-107(4). Each defendant has also participated in or facilitated that discrimination.

65.     Defendants have designed, constructed, and maintained an inaccessible public-facing space. Their ongoing operation of a noncompliant business continues to exclude individuals with disabilities in violation of Admin. Code § 8-107(4) and Local Law 58.

66.     These violations are not isolated. Defendants have shown disregard for accessibility requirements through repeated or ongoing noncompliance, amounting to both disparate treatment and disparate impact discrimination.

67.     As a result, plaintiff has endured emotional harm, including embarrassment and distress.

68.     On information and belief, defendants' failure to make their business accessible was intentional, reckless, and rooted in a calculated decision to ignore the law for financial gain.

9

69.    Defendants' conduct was grossly negligent, willful, or so reckless that it amounts to a conscious disregard for the rights of people with disabilities. Plaintiff is therefore entitled to punitive damages under Admin. Code § 8-502.

70.    Defendants profited from operating an inaccessible space while avoiding the costs of compliance. The financial benefits they gained from this conduct must be disgorged, with interest.

71.    Plaintiff has suffered damages and will continue to do so. The amount will be established at trial.

### FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

72.    Plaintiff incorporates all preceding allegations as though fully set forth here.

73.    Because defendants violated the New York State Executive Law by discriminating against plaintiff on the basis of disability, plaintiff is also entitled to relief under Civil Rights Law §§ 40-c and 40-d.

74.    Each instance of discrimination entitles plaintiff to recover the statutory monetary penalties provided by those sections.

### INJUNCTIVE RELIEF

75.    Defendants' ongoing noncompliance with federal, state, and city disability access laws guarantees that plaintiff will continue to face unlawful discrimination unless the Court intervenes.

76.    Injunctive relief is necessary to require defendants to bring their business, physical space, and operations into compliance, including modifying their facilities, policies, and practices.

77.    Without a court order, plaintiff will remain excluded from a public

accommodation that should be fully accessible. Injunctive relief is essential to compel defendants to remove physical barriers, provide auxiliary aids, and implement reasonable modifications, consistent with the requirements of the ADA, the Executive Law, and the Administrative Code.

## DECLARATORY RELIEF

78.    Plaintiff seeks a declaratory judgment confirming that defendants have violated his rights under the Americans with Disabilities Act, the New York State Executive Law, and the New York City Administrative Code.

79.    This declaration should also confirm defendants' obligation to make specific alterations and modifications to their physical space, operations, and policies to bring their public accommodation into compliance with the law.

## ATTORNEY'S FEES, EXPENSES AND COSTS

80.    In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i.    Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

11

ii.   Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii.  Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv.   Award of compensatory damages in an amount to be determined at trial;

v.    Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi.   Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii.  Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: July 12, 2025
Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com