UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAI HUNTE,

        Plaintiff,

-against-

SANKOFA USA LLC d/b/a CERES
and HUNAN LLC,

        Defendants.

Case No. 1:25-cv-5757-PAE

**CONSENT DECREE**

This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff Kai Hunte ("Plaintiff") and Defendant Sankofa USA, LLC d/b/a Ceres ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes of this Consent Decree.

## RECITALS.

1. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA") and its implementing regulation, 28 C.F.R. pt. 36 generally prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of accommodation. 42 U.S.C. § 12182(a), 28 C.F.R. § 36.201(a).

2. On July 13, 2025, Plaintiff filed a lawsuit in the United States District Court for the Southern District of New York entitled *Hunte v. Sankofa USA, LLC d/b/a Ceres and Hunan LLC*, Docket No. 1:25-cv-5757 (the "Action") alleging claims of discrimination for persons with disabilities at the property located at 164 Mott Street, New York, New York (hereinafter referred to as the "Subject Premises") in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. and its implementing regulations ("ADA"); the New York State Human

Rights Law, Article 15 of the New York State Executive Law ("NYSHRL"), the New York State Civil Rights Law, § 40 et seq ("NYSCRL"), and the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York ("NYCHRL") (the "Complaint")

3. Defendant expressly denies Plaintiff's allegations and contentions including all allegations that Defendant is not in compliance with or is in violation of any federal, state or local law including but not limited to the ADA, the NYSHRL, the NYSCRL and the NYCHRL with respect to the Subject Premises, and any other wrongdoing or liability whatsoever. By entering into this Consent Decree, Defendant does not admit liability to any of the allegations in Plaintiff's Complaint.

4. The Parties enter into this Consent Decree for the purpose of resolving this lawsuit without the costs, expense, other financial burdens, and uncertainty of protracted litigation, and without the admission of any liability and without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief or damages

5. The Consent Decree resolves, settles and compromises all disputes, controversies, and issues between the Parties, including but not limited to the claims which were raised and could have been raised in this Action by Plaintiff against Defendant with respect to the Subject Premises

6 This Consent Decree is entered into by Plaintiff, individually, but it is intended by the Parties to inure to the benefit of individuals who are disabled as defined by the ADA and/or any other applicable federal, state or local law including those who are limited in the life activity of walking and/or body motion range and utilize a wheelchair or other device for mobility to access the Subject Premises.

Doc ID d628831b9d2f489295f7365f9724f4dfdb9331b2

Docusign Envelope ID 72A80105-2567-41D2-997A-373ED0909022

## JURISDICTION

7. Plaintiff alleges that Defendant is a private entity that leases, controls and/or operates the Subject Premises and the Subject Premises is a place of public accommodation subject the ADA. Plaintiff contends that architectural barriers exist at the Subject Premises that prevent and/or restrict access to Plaintiff, a person with a disability as defined by the ADA, which include, but are not limited to, architectural barriers at the paths of travel. Defendant denies that the Subject Premises is operated by Defendant in violation of the ADA, or any other federal, state or local laws (including the NYSHRL, the NYSCRL and/or the NYCHRL).

8. This Court has jurisdiction over this Action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED MODIFICATIONS.

9. Plaintiff and Defendant agree that it is in the Parties' best interests to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties have agreed to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby agree to the following "Modifications", which the Court hereby RATIFIES, ADOPTS, APPROVES, AND ORDERS:

    a. Defendant shall install, maintain and make available for use a temporary and portable wheelchair ramp of no less than three feet (3') in length or an equivalent wheelchair assist device on-site to be properly secured when in use at the Subject Premises in order to provide persons with a disability an equal

opportunity to participate in and benefit from the goods, services and accommodations at the Subject Premises;

b. Defendant shall maintain appropriate signage that contains the dynamic accessibility symbol and language to press the buzzer or call a phone number should assistance be needed; and

c. Defendant shall maintain at least one (1) ADA compliant table at the interior dining area, ensuring it meets the required height and clearance standard.

## DEFINITIONS.

10. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for twenty-four (24) months from the Effective Date ("Monitoring Period").

## COMPLIANCE MEASURES.

12. <u>Modification Timeline:</u> By January 2, 2026, Defendant shall install, maintain and make available at the Subject Premises the modifications in Paragraph 9. However, if the Modifications are not timely completed due to Acts of God, third parties, force majeure, or other reasons that are beyond the control of Defendant, then Defendant shall be allowed additional time in which to complete the Modifications and shall not be deemed to be in violation of the compliance date contained herein as long as Defendant or Defendant's counsel provides written notice to Plaintiff's counsel of the delay, the reasons for the delay and the anticipated date of completion, and makes a good-faith effort to effect implementation as soon as reasonably practicable thereafter.

4

13. In the event that all or part of the Subject Premises where Modifications are to be performed are closed prior to any applicable completion date(s) and are not reopened, Defendant will not be required to make or complete the Modifications that would have been applicable to the Subject Premises.

14. If, during the Monitoring Period, Defendant no longer operates the Subject Premises as a place of public accommodation and ceases operations affecting commerce, Defendant is no longer required to install, maintain, or make available for use the Modifications in Paragraph 9.

## SPECIFIC RELIEF TO PLAINTIFF.

15. Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Subject Premises through a separate, confidential agreement (the "Settlement Agreement") Plaintiff has also agreed to file a notice of dismissal against Defendant Hunan LLC.

## DISPUTE RESOLUTION.

16. The procedures set forth in the following Paragraphs must be exhausted in the event that Plaintiff, or any other person to whose benefit this agreement is intended to inure under Paragraphs 6 and 20, alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

17. If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance, and the responding party shall have thirty (30) days within which to furnish a written response ("Cure Period"). All notifications must include reasonable

Docusign Envelope ID 72A80105-2567-41D2-997A-373ED0909022

detail and shall be made in the manner set forth below. Within thirty (30) days of receipt of the response, each party will meet by telephone, or in person, in an attempt to informally resolve the issue. If the issue remains unresolved within thirty (30) days of the telephonic or in-person meeting, the parties will each have an additional thirty (30) days to reach an amicable resolution of the dispute before seeking court enforcement.

18.    There will be no breach of this Consent Decree unless Defendant fails to remedy the issue using reasonable efforts within a reasonable period of time of not less than sixty (60) days of a party initiating these dispute resolution procedures. If a reasonable time using reasonable efforts to remedy the Subject Premises alleged not to be usable is longer than sixty (60) days, then the parties may agree on a longer time period. Any of the time periods set forth in this section may be extended by mutual agreement of the parties and/or by order of the Court.

19.    Any notice or communication required or permitted to be given to the parties hereunder shall be given in writing by email and by via certified mail or overnight express delivery, addressed as follows:

> Gabriel A. Levy, Esq.
> Gabriel A. Levy, P.C.
> 1129 Northern Blvd., Suite 404
> Manhasset, New York 11030
> (347) 941-4715
> Glevy@glpcfirm.com
> *Attorneys for Plaintiff*
>
> Steven M. Stimell, Esq.
> Bryan Cave Leighton Paisner LLP
> 1290 Avenue of the Americas
> New York, NY 10104-3300
> (212) 541-2000
> steven.stimell@bclplaw.com
> *Attorneys for Defendant Sankofa USA, LLC d/b/a Ceres*

Doc ID d628831b9d2f489295f7365f9724f4dfdb9331b2

Docusign Envelope ID: 72A80105-2567-41D2-997A-373ED0909022

### PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES.

20  The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with a disability as defined by the ADA and/or any other applicable federal, state or local law including those who are limited in the life activity of walking and/or body motion range and utilize a wheelchair or other device for mobility to access the Subject Premises  The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant, to this Consent Decree.

### ENFORCEMENT AND OTHER PROVISIONS.

21.  The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York and applicable federal law.

22  If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

23.  This Consent Decree contains the entire agreement of the Parties concerning the subject matter described herein, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described herein, shall be enforceable, other than the Settlement Agreement

24.  Except as otherwise provided herein, no modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties, and approved of by the Court

Doc ID: d628831b9d2f489295f7365f9724f4dfdb9331b2

25. This Court shall have continued jurisdiction to interpret and enforce this Consent Decree for twenty-four (24) months.

Dated: 10 / 06 / 2025

_____
Kai Hunte ("Plaintiff")

Dated: October 9, 2025

_____
Sankofa USA, LLC d/b/a Ceres ("Defendant")
By: Julian Geldmacher
Its Authorized Representative

Approved as to form and content:

Dated: 10 / 03 / 2025

Gabriel A. Levy, P.C.

_____
Gabriel A. Levy
*Attorneys for Plaintiff Kai Hunte*

BRYAN CAVE LEIGHTON PAISNER LLP

Dated: 10/9/2025

_____
Laurie Belony
*Attorneys for Defendant Sankofa USA, LLC*

8

Doc ID d628831b9d2f489295f7365f9724f4dfdb9331b2

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, FINDS AS FOLLOWS:

1) This Court has personal jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendants of any of the allegations contained in the complaint or any other pleading in this Action, nor does it constitute any finding of liability or wrongdoing against Defendant.

4) Plaintiff is acting as a private attorney general in bringing this Action and enforcing Title III of the Americans with Disabilities Act of 1990, 42 U S C §§ 12181 et seq ("ADA") and its implementing regulations and entry of this Consent Decree is in the public interest;

5) The Court's jurisdiction over this matter shall continue for 24 months, and

6) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by or on behalf of Plaintiff based on, or arising out of, or in connection with, the Action against Defendant with respect to the Subject Premises.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court on this 20th day of October, 2025

SO ORDERED:

*Paul A. Engelmayer*

United States District Judge
Paul A. Engelmayer

9

Doc ID d628831b9d2f489295f7365f9724f4dfdb9331b2